# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBETECTRUST LLC<br><br>       Plaintiff,<br><br>  v.<br><br>FRONTIER COMMUNICATIONS CORPORATION<br><br>       Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GlobeTecTrust LLC, files this complaint for patent infringement against Defendant Frontier Communications Corporation ("Frontier"):

## THE PARTIES

1. Plaintiff GlobeTecTrust LLC ("GlobeTecTrust") is a Delaware limited liability company with its principal place of business located at GlobeTecTrust LLC, c/o Wilmington Trust SP Services, Inc., 1105 North Market Street, Suite 1300, Wilmington, DE 19801.

2. On information and belief, Defendant Frontier is a Delaware corporation with its principal place of business located at 3 High Ridge Park, Stamford, Connecticut 06905.

## JURISDICTION

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

4. On information and belief, Frontier is subject to this Court's jurisdiction because Frontier has, upon information and belief, transacted business in the District and in the State of Delaware. Specifically, Frontier either directly and/or through intermediaries, upon information and belief, ships, distributes, offers for sale, and/or sells (including via the provision of such services over the Internet) products and services in this District. Additionally, Frontier is a corporation organized and existing under the laws of the State of Delaware. Frontier thus has, upon information and belief, minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 5,469,440)

6. GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

7. On November 21, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,469,440 (the "'440 patent"), entitled "Communications Network and Method," to Christopher A. Wade, who assigned his rights and interests in the '440 patent to British Telecommunications. A true and correct copy of the '440 patent is attached as Exhibit A.

8. GlobeTecTrust is the exclusive licensee of the '440 patent and has the legal right to enforce rights under the '440 patent, sue for infringement, and seek all available relief and damages.

9. Upon information and belief, Frontier is infringing (literally and/or under the doctrine of equivalents) a least one claim of the '440 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '440 patent that controls communications between a central station and a plurality of outstations according to the method claimed in the '440 patent. Frontier's infringing networks include networks maintained in compliance with the ITU-T G.984 standards, including, without limitation, the networks on which its Internet access commercial services operate.

10. Frontier committed these acts of infringement without license or authorization.

11. As a result of Frontier's infringement of the '440 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

12. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '440 patent.

## COUNT II

### (Infringement of U.S. Patent No. 6,262,997)

13.     GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

14.     On July 17, 2001, the USPTO duly and legally issued U.S. Patent No. 6,262,997 (the "'997 patent"), entitled "Synchronization in Digital Communications Networks," to John Alan Quayle, who assigned his rights and interests in the '997 patent to British Telecommunications.  A true and correct copy of the '997 patent is attached as Exhibit B.

15.     GlobeTecTrust is the exclusive licensee of the '997 patent and has the legal right to enforce rights under the '997 patent, sue for infringement, and seek all available relief and damages.

16.     Upon information and belief, Frontier is infringing (literally and/or under the doctrine of equivalents) the '997 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '997 patent that performs ranging functions between a central station and a plurality of outstations according to the method claimed in the '997 patent.  Frontier's infringing networks include networks maintained in compliance with the ITU-T G.984 standards, including, without limitation, the networks on which its Internet access commercial services operate.

17.     Frontier committed these acts of infringement without license or authorization.

18. As a result of Frontier's infringement of the '997 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

19. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '997 patent.

## COUNT III

### (Infringement of U.S. Patent No. 5,920,410)

20. GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

21. On July 6, 1999, the USPTO duly and legally issued U.S. Patent No. 5,920,410 (the "'410 patent"), entitled "Access Networks," to Philip John Smith and David Wynford Faulkner, who assigned their rights and interests in the '410 patent to British Telecommunications Public Limited Company. A true and correct copy of the '410 patent is attached as Exhibit C.

22. GlobeTecTrust is the exclusive licensee of the '410 patent and has the legal right to enforce rights under the '410 patent, sue for infringement, and seek all available relief and damages.

23. Upon information and belief, Frontier is infringing (literally and/or under the doctrine of equivalents) the '410 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a

communications network as claimed in the '410 patent that provides redundant local access according to the method claimed in the '410 patent. Frontier's infringing networks include networks maintained in compliance with the ITU-T G.984 standards, including, without limitation, the networks on which its Internet access commercial services operate.

24. Frontier committed these acts of infringement without license or authorization.

25. As a result of Frontier's infringement of the '410 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

26. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '410 patent.

## DEMAND FOR JURY TRIAL

Plaintiff GlobeTecTrust, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, GlobeTecTrust respectfully requests that this Court grant the following relief in favor of GlobeTecTrust and against Frontier:

(a)     A judgment in favor of GlobeTecTrust that Frontier has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '440, '997, and '410 patents ("the Asserted Patents");

(b)     A permanent injunction enjoining Frontier and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Frontier, from infringing the Asserted Patents;

(c)     A judgment and order requiring Frontier to pay GlobeTecTrust its damages, costs, expenses, and pre-judgment and post-judgment interest for Frontier's infringement of the Asserted Patents;

(d)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding GlobeTecTrust its reasonable attorneys' fees; and

(e)     Any and all such other relief as the Court deems just and proper.

Dated: October 1, 2012

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Phone:   (302) 888-6800
kdorney@morrisjames.com

*Attorneys for Plaintiff GlobeTecTrust LLC*